$350

OXMAN, GOODSTADT, & KURITZ
BY: HARRY J. OXMAN, ESQUIRE
IDENTIFICATION NO: 13116
BY: JOSEPH OXMAN, ESQUIRE
IDENTIFICATION NO: 207956
10 East 5th Street
Chester, PA 19013
(610)876-3488
Attorneys for Plaintiff

FILED
OCT 22 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA

JULIA QUAGLIARELLO
    Plaintiff

vs.

**OFFICER JOSHUA DEWEES**
BADGE #242
c/o Chester Police Dept.
Police Administration Bldg.
160 East 7th St.
Chester, PA 19013

And

**THE CITY OF CHESTER**
City Hall
c/o Camden Police Dept.
1 4th Street
Chester, PA 19013
    Defendants

CIVIL ACTION NO. 09  4870

District Judge

COMPLAINT FOR VIOLATIONS OF THE 4TH AND 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, ASSAULT, BATTERY, FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff, JULIA QUAGLIARELLO, by way of Complaint against defendants says:



## PARTIES

1. Plaintiff, JULIA QUAGLIARELLO, is a citizen of Ridley Park, Pennsylvania residing at, 22 Virginia Circle, Ridley Park, Pennsylvania.

2. Defendant, City of Chester, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, with a principal place of business located at City Hall, One 4th Street, Chester, Pennsylvania, 19013.

3. Defendant, Officer Joshua Dewees Badge #242 is at all times relevant an employee of the Chester Police Department located at Police Administration Bldg. 160 East 7th St. Chester, PA, 19013.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C.A. § 1983. Plaintiff was deprived of her rights secured to her under the Constitution and the laws of the United States including, but not limited to, her right to be secure in her person and property and be free from unlawful arrests and seizures, and freedom from imprisonments when no probable cause exists. Plaintiff, JULIA QUAGLIARELLO, was arrested,

charged, and incarcerated without probable cause. While being subjected to these violations, she suffered assaults and sustained severe and permanent injuries to her person.

Plaintiff, JULIA QUAGLIARELLO, was falsely charged without probable cause and was falsely and maliciously imprisoned and prosecuted without any cause or legal justification.

5. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiff's claims arising under State law, including but not limited to violations of her State Constitutional rights against defendants, false arrest, false imprisonment, assault, battery, malicious prosecution, and intentional and negligent infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the claims at issue arose in this judicial district.

**COMPLAINT**
**GENERAL ALLEGATIONS**

7. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

8. Plaintiff's date of birth is December, 24, 1990.

9. Plaintiff was driving from her residence to Widener University to attend classes on the morning of January 29, 2009.

10. While driving to Widener University, plaintiff made a left hand turn from East 22nd Street onto Melrose Avenue in Chester, Pennsylvania.

11. Plaintiff continued on Melrose Avenue for approximately four to six blocks when she noticed a Chester Police vehicle driving directly behind with its flashing light on.

12. Plaintiff then pulled her vehicle over to the curb at the intersection of East 14th and Melrose Avenues.

13. Shortly thereafter, a Chester Police officer identified as OFFICER JOSHUA DEWEES, exited his police vehicle, with his gun drawn and pointed at plaintiff's head, shouting "get out of the car."

14. Plaintiff then exited her vehicle.

15. At that time, without warning or justification, probable cause or legal justification, and with his gun still pointed at the plaintiff,, Officer Dewees forcibly handcuffed the plaintiff, and without warning or justification, perpetrated and illegal assault upon the

plaintiff. This was all in the presence of several Widener students.

16. Thereafter, the plaintiff was then taken into custody and transported to the Chester Police Department by the defendant.

17. After the plaintiff was taken to the Chester Police Station, she was booked on charges of PCC 3733 Fleeing or Attempting to Elude a Police Officer, PCC 5503 Disorderly Conduct and detained in a holding cell for a period of three hours then released.

18. On July 8, 2009, after a hearing in the Court of Common Pleas, Delaware County, all charges were withdrawn by the Commonwealth.

## COUNT I
### PLAINTIFF JULIA QUAGLIARELLO VS. DEFENDANTS OFFICER JOSHUA DEWEES AND THE CITY OF CHESTER
### THE RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS, 4th AMENDMENT

19. The allegations contained above are incorporated herein as though fully set forth.

18. The above described actions constitute violation of plaintiff's constitutionally protected right to be secure in her person as provided by the 4th Amendment of the United States Constitution.

## COUNT II
### PLAINTIFF JULIA QUAGLIARELLO VS. DEFENDANTS OFFICER JOSHUA DEWEES AND THE CITY OF CHESTER
### FALSE ARREST AND FALSE IMPRISONMENT
### SECTION 1983, CIVIL RIGHTS ACTION

20. The allegations contained above are incorporated herein as though fully set forth.

21. The arrest and detention of plaintiff, JULIA QUAGLIARELLO by defendants were carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal arrest of plaintiff. As such, such actions constitute a false arrest and false imprisonment.

22. The arrest and detention of plaintiff by Defendants violated her rights under the United States Constitution and the Pennsylvania Constitution and the Laws of the State of Pennsylvania.

## COUNT III
### PLAINTIFF JULIA QUAGLIARELLO VS. DEFENDANTS OFFICER JOSHUA DEWEES AND THE CITY OF CHESTER
### DEPRIVATION OF FEDERALLY-PROTECTED RIGHTS UNDER THE 4th and 14th AMENDMENTS

23. The allegations contained above are incorporated herein as though fully set forth in this cause of action.

24. The actions of defendant Joshua Dewees, as a police officer, was committed under color of and authority of defendant City of Chester and its police department, and while acting in that official capacity. The actions or

inactions of the defendant the City of Chester and its police department deprived plaintiff of her rights under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C.A. § 1983.

25. Specifically, the City of Chester was on notice of the propensity of defendant, Office Joshua Dewees, to violate the rights of its citizens.

26. Such notice was derived from prior incidents of other police officer misconduct which occurred prior to the incident in question as the City of Chester knew, or should have known, that the defendant and other officers had allegedly violated the civil rights of individuals in including the plaintiff by engaging in excessive force, illegal false arrests, false imprisonments, and malicious prosecutions.

27. The prior notice of such illegal actions by Chester Police officers came in the form of civil lawsuits, internal affairs complaints, and complaints from the general community.

28. In fact, it is believed and therefore alleged that at some point, the plaintiff was thereby deprived of rights and immunities secured under the Constitution and Laws of the United States, including but not limited to the

right to be secure in her person, to be free from unlawful seizures, arrests and the excessive use of force, and to be afforded due process and equal protection under the laws.

## COUNT IV
### PLAINTIFF JULIA QUAGLIARELLO VS. DEFENDANT THE CITY OF CHESTER
### NEGLIGENT FAILURE TO TRAIN AND SUPERVISE

29. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

30. Defendants, City of Chester and its police department, as a matter of policy and practice failed to discipline, train or otherwise sanction police officers who violate the rights of citizens, including the plaintiff's, thus encouraging defendant officer Dewees, in this case, to engage in the unlawful and actionable conduct described above.

31. Defendants, City of Chester and its police department, as a further matter of policy and practice, failed to train properly its police officers, including defendant officer Dewees in this case, with respect to the constitutional, statutory and departmental limits of their authority.

32. At all times herein mentioned the defendant, Officer Dewees, was acting as the agent, servant and/or employee of the defendants' City of Chester and The City of

Chester Police Department, and therefore, their acts are attributable to defendant, the City of Chester.

33. The defendant city and police department were on actual notice of a need to train, supervise, discipline or terminate its defendant officer prior to the incident in question as other similar incidents have occurred in the past.

### COUNT V
### PLAINTIFF JULIA QUAGLIARELLO VS. DEFENDANT OFFICER JOSHUA DEWEES
### ASSAULT AND BATTERY

34. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

35. The above described conduct of Officer Joshua Dewees constituted an assault and battery by defendant Officer Dewees as a result of which plaintiff required medical attention, personal injuries and emotional distress.

### COUNT VI
### PLAINTIFF JULIA QUAGLIARELLO VS. DEFENDANTS OFFICER JOSHUA DEWEES AND THE CITY OF CHESTER
### MALICIOUS PROSECUTION

36. The foregoing paragraphs are incorporated in this count but will not be restated for the sake of brevity.

37. The actions of defendants amount to a malicious prosecution under both 28 U.S.C. sections 1983 and the common law.

## COUNT VII
### PLAINTIFF JULIA QUAGLIARELLO VS. DEFENDANTS OFFICER JOSHUA DEWEES AND THE CITY OF CHESTER
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. The foregoing paragraphs are incorporated in this count but will not be restated for the sake of brevity.

39. Defendants intentionally and deliberately inflicted emotional distress on plaintiff by maliciously prosecuting her, or by abusing the lawful process by unlawful purpose, or by violating plaintiff's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against her, or by interfering with plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

40. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

41. The actions of the Defendants were the cause of plaintiff's distress.

42. The emotional distress sustained by plaintiff was severe and of a nature that no reasonable person could be expected to endure.

43. As a result of the Defendants' extreme and outrageous conduct, plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

## DAMAGES

44. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

45. As a direct and proximate result of the defendants' conduct, plaintiff suffered physical pain and suffering in the past and future, severe mental anguish in the past and future, and was deprived of her State and Federal Constitutional Rights as aforementioned.

## ATTORNEY FEES

46. It was necessary for plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

47. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

WHEREFORE, plaintiff demands judgment against defendants individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

By: _____
  HARRY J. OXMAN            ESQUIRE
  JOSEPH S. OXMAN           ESQUIRE

# VERIFICATION

I, Julia Quagliarello, plaintiff herein, hereby verify that the facts set forth in the foregoing Pleadings are true and correct to the best of my information, knowledge and belief. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

*Julia Quagliarello*

Dated: 10-22-09