**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIA QUAGLIARELLO | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER JOSHUA DEWEES, et al, | : | 09-4870 |
| | : | |
| Defendants. | : | |

<u>**MEMORANDUM RE: APPEAL OF CLERK'S TAXATION OF COSTS**</u>

**Baylson, J.**                                                                       **August 9**, **2012**

Presently before the Court is Plaintiff Julia Quagliarello's Appeal of the Clerk of Court's

Taxation of Costs (ECF No. 82) in favor of Defendants Officer Joshua Dewees ("Officer

Dewees") and the City of Chester, and against Plaintiff, in the amount of $5,865.90.[1]  For the

reasons set forth below, the Clerk's Taxation of Costs is AFFIRMED in part and REVERSED in

part.

**I.      Factual and Procedural Background**

This civil rights action arises out of the January 29, 2009 stop and arrest of Plaintiff by

Officer Dewees, a police officer with the Chester Police Department, after Plaintiff committed a

traffic violation while driving in Chester, Pennsylvania.  On October 22, 2009, Plaintiff, a full-

time college student, filed a Complaint against Defendants alleging violations of her rights under

the United States Constitution and Pennsylvania law.  On August 11, 2011, following a jury trial

---

[1]The Court has re-labeled Plaintiff's "Opposition to Defendant's Bill of Costs," objecting
to the Clerk's taxation of costs, as an "Appeal" in accordance with Local Rule 54.1(b), which
provides that "[a]ll bills of costs requiring taxation shall be taxed by the Clerk, subject to an
appeal to the court."

and in accordance with the verdict reached by the jury, this Court entered judgment in favor of Defendants and against Plaintiff. (ECF No. 70.)

Subsequently, on September 19, 2011, Defendants filed a Bill of Costs (ECF No. 75) requesting that the Clerk tax costs pursuant to 28 U.S.C. § 1920 in their favor, and against Plaintiff, in the amount of $5,865.90.  That amount includes: (i) $1,644.85 for transcripts obtained for use in the case; (ii) $589.03 for printing costs; (iii) $2,105.60 for the preparation of trial exhibits; (iv) $660.37 for costs associated with securing the presence of witnesses for trial; (v) $206.08 for costs of making copies of non-medical records obtained for trial; and (vi) $659.97 for costs of making copies of medical records obtained for trial.

On October 4, 2011, Plaintiff filed a Response in Opposition to Defendants' Bill of Costs (ECF No. 76).  Plaintiff argues that the costs Defendants seek should not be taxed against her because she cannot afford to pay them, and because she commenced the instant action in good faith.  Plaintiff also argues, in the alternative, that certain itemized costs that Defendants seek – specifically, the cost of obtaining certain transcripts, preparing certain trial exhibits, securing the presence of certain witnesses at trial, and obtaining certain non-medical records – should not be taxed against her because these costs were not necessary for trial.

On October 20, 2011, Defendants filed a Reply to Plaintiff's Response in Opposition to Defendants' Bill of Costs. (ECF No. 77.)   Defendants argue that neither Plaintiff's financial status nor the fact that she brought the instant action in good faith are proper grounds for objecting to the taxation of costs as a matter of law.  Moreover, contrary to Plaintiff's contention, Defendants argue that all of their costs were indeed necessarily incurred in preparation for trial.

On February 9, 2012, upon review of the parties' briefing, the Clerk, pursuant to his

authority under Rule 54(d)(1) of the Federal Rules of Civil Procedure, taxed costs and entered judgment in favor of Defendants and against Plaintiff for the full $5,865.90 in costs sought by Defendants. (ECF Nos. 79 & 80).  On February 17, 2012, Plaintiff filed an Appeal of the Clerk's Taxation of Costs (ECF. No. 82), and on March 2, 2012, Defendants filed a Response thereto (ECF No. 83).  In their briefing, the parties largely raise the same arguments made in their initial briefing filed prior to the Clerk's entry of judgment.  On March 27, 2012, this Court issued an Order (ECF No. 84), giving Plaintiff the opportunity to submit, ex parte and under seal, a financial statement for the Court to consider in determining whether or to what extent to award costs in this case.   On May 21, 2012,  in accordance with this Order, Plaintiff submitted a Declaration with her financial statement to the Court.

## II.    Discussion

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs" other than attorney's fees "should be allowed to the prevailing party."  The "costs" which may be recovered under Rule 54(d)(1) are listed in 28 U.S.C. § 1920.[2]  In re Paoli Railroad Yard PCB Litig., 221 F.3d 449, 457 (3d Cir. 2000).  The Clerk of Court has the authority to tax costs under Rule 54(d)(1), but "the [district] court may review the clerk's action."  Reger v. Nemours Found., Inc.,

---

[2]28 U.S.C. § 1920 provides that the following may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees . . . ;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation . . . .

599 F.3d 285, 288 (3d Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)).

A district court reviews <u>de novo</u> the Clerk's cost-determination.  <u>Reger</u>, 599 F.3d at 288.

While a district court has discretion to award or deny costs, Rule 54(d)(1) "creates the strong

presumption that costs are to be awarded to the prevailing party."  <u>In re Paoli</u>, 221 F.3d at 458,

462.  "[T]he losing party bears the burden of making the showing that an award is inequitable

under the circumstances."  <u>Id</u>. at 462-463.  "Only if the losing party can introduce evidence, and

the district court can articulate reasons within the bounds of its equitable power, should costs be

reduced or denied to the prevailing party."  <u>Reger</u>, 599 F.3d at 288 (quoting <u>In re Paoli</u>, 221 F.3d

at 462-463, 468).  Ultimately, it is within the discretion of the district court to award or deny

costs under Rule 54(d)(1).  <u>Adams v. Teamsters Local 115</u>, 678 F.Supp. 2d 314, 324 (E.D.Pa.

July 17, 2007).

In <u>Reger</u>, the Third Circuit reiterated the factors previously set forth in <u>In re Paoli</u> which a

district court is permitted to consider in reviewing the Clerk's taxation of costs under Rule

54(d)(1).  A district court <u>may</u> consider: "(1) the prevailing party's unclean hands, bad faith,

dilatory tactics, or failures to comply with process during the course of the instant litigation or

the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to

pay the full measure of a costs award levied against them."  <u>Reger</u>, 599 F.3d at 288 n.3 (quoting

<u>In re Paoli</u>, 221 F.3d at 468).  However, a district court <u>may not</u> consider "(1) the losing parties'

good faith in pursuing the instant litigation (although a finding of bad faith on their part would be

a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves

– in the underlying litigation; or (3) the relative disparities in wealth between the parties."  <u>Id</u>.

<u>Reger</u> declined to revisit the Third Circuit's decision in <u>Smith v. SEPTA</u>, 47 F.3d 97 (3d

Cir. 1995), which held that "[i]f the losing party can afford to pay, the financial disparity between the parties' financial resources is irrelevant for purposes of Rule 54(d)." Reger, 599 F.3d at 289 (quoting Smith, 47 F.3d at 99). Thus, Reger reaffirmed that disparity of wealth is not a proper consideration in imposing costs. Id. at 289.

Reger also rejected the notion that the taxation of costs has a "chilling effect" on litigation. Id. According to the court, "[t]he fact that a prevailing party prosecutes its rights under the Federal Rules of Civil Procedure to an award of costs cannot be seen as chilling the flow of litigation." Id. Indeed, "the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims." Id.

In this case, Plaintiff argues that the costs Defendants seek should not be taxed against her because she cannot afford to pay them, and because she commenced the instant action in good faith. As discussed above, under settled Third Circuit law, this Court may not consider Plaintiff's purported good faith in pursuing the instant action in reviewing the Clerk's cost determination. Reger, 599 F.3d at 288 n.3; In re Paoli, 221 F.3d at 468. However, under the circumstances, the Court finds it appropriate to reduce the costs taxed by the Clerk based on Plaintiff's limited ability to pay.

In another civil rights case, Guynup v. Lancaster County, No. 06-4315, 2009 WL 3073718 (E.D.Pa. Sept. 24, 2009) (Baylson, J.), this Court rejected plaintiff's application to vacate the Clerk's award of costs in its entirety. Id. at *2. However, this Court exercised its discretion to reduce the Clerk's cost award by fifty percent (50%) in light of the Plaintiff's indigence, the fact that the action was a bona fide, albeit rejected, civil rights case, and the fact

-5-

that it was likely that defendant's insurance carrier had already paid the costs.  Id.  According to

this Court, "some consequence should follow for filing but losing a case, even a civil rights

case." Id.

  Notably, in Guynup, the fact that the plaintiff was a prisoner with limited financial

resources did not warrant a different result.  Yet, this Court acknowledged that "Plaintiff may be

unable to pay this amount, now or in the future," and therefore the costs taxed by the Clerk may

not be immediately collectible.  Id.  Accordingly, this Court determined that "[i]f Plaintiff comes

into any sum of money in the future, by inheritance or otherwise, this judgment may be

collectible."  Id.

  In this case, the Court will follow the decision in Guynup.  Although Plaintiff's civil

rights claim was rejected by the jury, it was based on her sincere belief of misconduct on the part

of state actors.  The jury's rejection of her claim warrants the taxation of some costs, but the

Court will exercise its discretion to reduce those costs by fifty percent (50%), given that Plaintiff

is a full-time student with limited financial resources and that this is a civil rights case.  As in

Guynup, this Court acknowledges that Plaintiff may not be able to pay this sum at the present

time.  However, should she come into any sum of money in the future, this judgment may be

collectible.

  The Court finds unpersuasive Plaintiff's alternative argument that certain itemized costs,

such as the cost of obtaining certain transcripts, preparing certain trial exhibits, securing the

presence of certain witnesses at trial, and obtaining certain non-medical records, should not be

taxed against her because these costs account for items not used at trial or witnesses who either

voluntarily testified at trial or did not actually testify.  These costs are expressly taxable by the

Clerk under 28 U.S.C. § 1920.  Moreover, other courts in this District have determined that such costs are appropriate if they are necessarily incurred in the preparation of effective litigation. See, e.g., Montgomery Cnty. v. Microvote Corp., No. 97-CV-6331, 2004 WL 1087196, at *4 (E.D. Pa. May 13, 2004) (costs of serving testimonial and document subpoenas on witnesses and third parties who were not deposed or did not testify at trial taxable as costs because "the fees for service of subpoenas were reasonable and necessary" in prevailing party's case-in-chief and defeating losing party's motion for summary judgment); In re Kulicke & Soffa Indus., Inc. 747 F. Supp. 1136, 1147 (E.D. Pa. Oct. 2, 1990) (deposition transcripts of non-testifying witnesses taxable as costs because "effective trial preparation and the ability to respond adequately to plaintiff's pretrial motions depended in large part on the review of deposition testimony"); Greene v. Fraternal Order of Police, 183 F.R.D. 445, 450 (E.D. Pa. 1998) ("[C]osts are properly taxed when there is a good faith expectation that witnesses might be called and had to be made available for that eventuality."); Wehr v. Burroughs Corp., 477 F. Supp. 1012, 1022 (D.C. Pa. 1979) (witness fees are taxable as costs if the witness's testimony is reasonably necessary to the disposition of the case).

Here, Defendants submitted a sworn declaration detailing the costs they incurred in defending against Plaintiff's claims.  There is nothing in the record to suggest that these costs were not necessarily incurred by Defendants in the preparation of effective litigation.  Thus, Defendants are entitled to recoup the costs taxed by the Clerk, subject to the fifty percent (50%) reduction discussed above.

**III.**   **Conclusion**

For the reasons set forth above, the Clerk's Taxation of Costs is AFFIRMED in part and REVERSED in part.  An appropriate order follows.

O:\CIVIL 09\09\09-4870 Quagliarello v. Dewees\Memo re Appeal of Clerk's Taxation of Costs.wpd